**UNITED STATES of America,
Plaintiff,**

v.

**Paul Bruce COUGHLIN, Defendant.
Crim. No. 44459.**

United States District Court,
E. D. Michigan, S. D.

Feb. 7, 1972.

Loren G. Keenan, Asst. U. S. Atty., Detroit, Mich., for plaintiff.

Talbot M. Smith, Chelsea, Mich., for defendant.

## MEMORANDUM AND ORDER

De MASCIO, District Judge.

This case presents search and seizure objections raised by a Motion to Suppress filed by the defendant. The U.S. Customs officials in Miami, Florida, opened and examined packages addressed to Robert L. Coughlin, a resident of Birmingham, Michigan, containing a return address in the British West Indies. Both packages contained plastic bags filled with marijuana. The U.S. Customs officials dusted the contents with fluorescent powder. They then resealed the packages and caused them to continue their journey for delivery to the residence of the defendant.

Government agents arranged a surveillance at the residence of the addressee where defendant lived with his parents. On October 31, 1969, at approximately 2:27 P.M. both packages were delivered to the addressee at his residence. The delivery was accepted by a maid employed by the parents of the defendant. At the precise moment of the delivery, the defendant was not at home. He arrived at the residence approximately 25 minutes after the delivery. He remained at his residence for approximately 20 minutes. When he exited from his residence, the agents were still on their surveillance. The defendant then proceeded to his automobile, began to drive away from his residence, and shortly thereafter was stopped by the government agents at an intersection not far from his residence. After stop-

ping the defendant's car, the government agents searched the person of the defendant and his automobile. They did not find marijuana on the defendant's person or in his automobile. Nor did they find contraband of any kind. It cannot be disputed that the government agents at the moment they stopped the defendant discovered that he was not the addressee on the package delivered to his residence.

The government agents arrested defendant and conveyed him to the nearest police station. He was then advised of his Miranda rights [1] but nevertheless made incriminating statements concerning his knowledge of the contents of the packages. His hands and arms were thereafter subjected to an ultraviolet light test and traces of the fluorescent powder were observed by the government agents, establishing beyond dispute that the defendant had in fact handled the marijuana contained in the packages.

Shortly thereafter, the Grand Jury returned an indictment charging the defendant with having ". . . knowingly and with intent to defraud the United States, received, concealed and facilitated the transportation and concealment of approximately eight (8) pounds and three (3) ounces of marihuana; in violation of Section 4744(a)(2), Title 26, and Section 176(a), Title 21, United States Code."

Defendant's motion seeks to suppress from evidence at his trial the incriminating statements he made while in the police station, as well as the results of the ultraviolet test. Essentially, the defendant asserts that the statements he made and the results of the ultraviolet test were the fruits of an illegal arrest and detention.

As always seems to be the case, the issue concerning the legality of an arrest hinges upon the particular facts and circumstances in any given case. Under the circumstances present here, the defendant cannot seriously dispute the contention that government agents had probable cause to follow the defendant, stop his vehicle and then search his person and vehicle. However, the legality of the original detention is not dispositive of the issues presented by facts occurring thereafter.

The original search did not uncover marijuana nor any other type of contraband on defendant's person or in his vehicle. The government agents at this moment in time must be charged with knowledge that the individual they stopped was not the addressee on the packages that contained the marijuana. Therefore, in the court's view, the government agents did not have the right to arrest the defendant and take him to the local police station. The act of stopping the defendant's car and the subsequent search exculpated him. This exculpation dissipated the original probable cause to stop and search. The continued detention of the defendant, after government agents discovered that he did not have contraband on his person or in his vehicle and was not the addressee on the packages, was unjustified. This is so because the search by the government clearly established that there was no probable cause to believe that the defendant had committed a crime. It follows, therefore, that the inculpatory statements and the scientific test results must be suppressed as the product of an illegal detention. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081; Wong Sun et al. v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441.

At approximately 4:00 P.M. on the same day, and during the time the defendant was being detained at the police station, other government agents entered the Birmingham residence and under the authority of the search warrant confiscated the marijuana that had been delivered together with other dangerous drugs and narcotic paraphernalia. The government agents also confiscated four separate pieces of correspondence which apparently have some bearing on this

---

1. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

case. The defendant's motion is quite broad in scope. It seems to indicate that his Motion to Suppress is intended to include the evidence seized at his residence when the search warrant was executed. The defendant has not directed the court to any authority holding that the evidence seized under the circumstances here set forth should be suppressed, nor has the court been able to find authority rendering the items seized pursuant to the search warrant illegal.

Under the facts presented, the court finds that what the government agents did pursuant to the search warrant was valid and legal. Accordingly, the Motion to Suppress the items seized pursuant to the search warrant is denied. The Motion to Suppress the inculpatory statements obtained from the defendant at the police station and the results of the ultraviolet light test is granted.