**Alonda DANIELS, Plaintiff**

v.

**DILLARD DEPARTMENT STORES, INC., et al., Defendants.**

**Civ. A. No. 94–2210–KHV.**

United States District Court, D. Kansas.

March 14, 1995.

Charles A. Dixon, Kansas City, KS and James H. Green, Kansas City, MO, for plaintiff.

Dirk L. Hubbard, Payne & Jones, Chtd., Michael G. Norris and Joan K. Rowland, Norris & Keplinger, L.L.C., Overland Park, KS, for defendants.

### MEMORANDUM AND ORDER

VRATIL, District Judge.

Plaintiff Alonda R. Daniels seeks damages for intentional infliction of emotional distress, malicious prosecution, false arrest, assault and battery for acts committed by Dillard's Department Stores, Inc., through its security officers Dex Kruger and Steven A. Zeller. Specifically, plaintiff claims that Kruger and Zeller followed her through the store, grabbed and threw her to the floor, arrested her and filed malicious criminal charges against her.

This matter comes before the Court on *Defendants' Motion for Summary Judgment* (Doc. # 29), filed February 10, 1995. Defendants assert that they are entitled to judgment as a matter of law because plaintiff

cannot establish the elements of her various claims. For reasons stated more fully below, the Court agrees.

### Summary Judgment Standards

■ Rule 56(c) of the Federal Rules of Civil Procedure directs the entry of summary judgment in favor of the party who "show[s] that there. is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A principal purpose "of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses. . . ." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The court's inquiry is to determine "whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Entry of summary judgment is mandated, after an adequate time for discovery and upon motion, against a party who fails to make a showing to establish the existence of an element essential to that party's case, and on which that party bears the burden of proof at trial. *Meredith v. Beech Aircraft Corp.,* 18 F.3d 890, 893 (10th Cir.1994). Summary judgment is inappropriate, however, if there is sufficient evidence on which a trier of fact could reasonably find for the nonmoving party. *Prenalta Corp. v. Colorado Interstate Gas Co.,* 944 F.2d 677, 684 (10th Cir.1991).

■ The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact by informing the court of the basis for its motion. *Martin v. Nannie and the Newborns, Inc.,* 3 F.3d 1410, 1414 (10th Cir.1993). This burden, however does not require the moving party to "support its motion with affidavits or other similar materials *negating* the opponent's claim." *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553 (emphasis in original). Once the moving party properly supports its motion, the nonmoving party "may not rest upon mere

allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Muck v. United States,* 3 F.3d 1378, 1380 (10th Cir.1993). The court reviews the evidence in a light most favorable to the nonmoving party, *e.g., Thrasher v. B & B Chem. Co., Inc.,* 2 F.3d 995, 996 (10th Cir.1993), under the substantive law and the evidentiary burden applicable to the particular claim. *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513–14.

### Undisputed Facts

■ For purposes of this motion, the Court accepts as true all facts contained in the "Statement of Uncontroverted Facts" contained in *Defendants Dillard Department Stores, Inc., Steven A. Zeller, and Dex Kruger's Statement of Uncontroverted Facts and Suggestions in Support of Their Motion For Summary Judgment* (Doc. # 30), p. 1–9, filed February 10, 1994. In opposing defendant's motion, plaintiff purportedly identifies issues of "ultimate" disputed fact. *See Plaintiff's Suggestions in Opposition to Defendant's [sic] Motion for Summary Judgement [sic]* (Doc. # 33), filed March 1, 1995. Plaintiff's statement does not comply with Rule 206(c) of the Rules of Practice and Procedure of this Court. It does not "refer with particularity to those portions of the record upon which [plaintiff] relies." Nor does it state which paragraphs, from defendants' factual statement, are disputed. Plaintiff's statement of the "ultimate and controlling issues of fact in dispute" does not present (by affidavit, declaration under penalty of perjury, and/or relevant portions of pleadings, depositions, answers to interrogatories and response to requests for admissions, as required by Rule 206(c)), *any* facts on which plaintiff relies. Accordingly, for purposes of this motion, all material facts set forth in the defendants' factual statement are deemed admitted.

On pages 3 through 5 of her suggestions to opposition to defendants' motion for summary judgment, plaintiff sets forth 17 lettered paragraphs which briefly summarize certain facts on which plaintiff relies.[1] De-

---

1. The sum total of this statement is that defen-

dants "grabbed plaintiff by the arm" without her

fendants dispute many of these facts, primarily because plaintiff has mischaracterized the deposition testimony on which her factual statement is based. The deposition excerpts have been filed with the Court, however, and for purposes of this motion, they speak for themselves. To the extent the deposition testimony supports plaintiff's statement, the Court assumes that it is undisputed.

## Analysis

### A. Intentional Infliction of Emotional Distress.

█ In order to prove intentional infliction of emotional distress, plaintiff must show (1) that defendants' conduct was intentional or in reckless disregard of plaintiff; (2) that defendants' conduct was extreme and outrageous; (3) a causal connection between defendants' conduct and plaintiff's emotional distress; and (4) that plaintiff suffered extreme and severe emotional distress. *Anspach v. Tomkins Indus., Inc.*, 817 F.Supp. 1499, 1506 (D.Kan.1993) (citations omitted). The Kansas Supreme Court has limited this tort to that conduct which is "so outrageous in character, and so extreme in degree, as to go beyond the bounds of decency and be regarded as atrocious and utterly intolerable in a civilized society." *Id.* at 1506 (quoting *Roberts v. Saylor*, 230 Kan. 289, 292–93, 637 P.2d 1175, 1179 (1981)).

█ Defendants argue that they are entitled to summary judgment because on this record, plaintiff cannot demonstrate that their conduct was extreme, outrageous, in-

tentional or reckless, or that plaintiff suffered severe emotional distress as a result of it. Plaintiff does not respond, except to argue that "questions such as 'reasonableness', wilful and wanton, outrageous, and the like fall within the province of the jury." In addition, she cites deposition testimony that defendants' conduct "caused plaintiff to become upset and to feel humiliation." [2] She cites no evidence and makes no argument concerning the allegedly outrageous nature of defendant's conduct.

On this record, the Court must conclude that plaintiff has demonstrated no triable issue of fact with respect to extreme and outrageous conduct. Plaintiff has suffered no emotional distress which is actionable under this theory and defendants' conduct was not so extreme that no reasonable person would be expected to endure it. *Roberts*, 637 P.2d at 1179. Defendants are therefore entitled to summary judgment.

### B. Malicious prosecution.

█ Defendants argue that they are entitled to summary judgment on plaintiff's malicious prosecution claim because plaintiff cannot demonstrate lack of probable cause for plaintiff's arrest on charges of criminal trespassing.[3] Plaintiff does not respond, except to note that the charges against her were later dismissed, and to argue in general terms that the jury must be allowed to determine this claim.

█ To prevail on her malicious prosecution claim under Kansas law, plaintiff must

---

consent, "forced her to the ground," "placed their knee [sic] in her back," "forced her to roll over on her side," "forced her arms behind her back," "placed handcuffs on her," "forced her to walk through the store to a detaining area," "placed her in the back room," "placed her under arrest," and "called the Overland Park Police." Thereafter, defendants filed charges against plaintiff and testified against her in court, but the magistrate dismissed the case for lack of proof. As a result, according to plaintiff's interrogatory answers and deposition testimony, she was forced to undergo medical treatment and suffered out-of-pocket medical expenses, wage loss, mental distress, and pain and suffering which continue to this day.

2. Plaintiff testified that she was "upset ... [f]or a while." *Deposition of Alonda Daniels* (December

22, 1994) at 40. She "thought about it a lot" before she went to court on May 11, 1993. *Id.* She was mad, and still is, because "what they did was uncalled for." *Id.* at 41. She felt humiliated because of what they did to her in front of customers and workers at the store. *Id.* at 45. Plaintiff cites no other record evidence of severe emotional distress.

3. Under K.S.A. § 21–3721(a)(1)(A), criminal trespass is "[e]ntering or remaining upon or in any land ... [or] structure ... by a person who knows such person is not authorized or privileged to so do," where "such person enters or remains therein in defiance of an order not to enter or to leave such premises or property personally communicated to such person by the owner thereof or other authorized person."

prove—among other things—that defendants acted without probable cause in initiating criminal proceedings against her. *E.g., Kearns v. Orr,* 1994 WL 173895, *5 (D.Kan. 1994); *Lindenman v. Umscheid,* 255 Kan. 610, 624, 875 P.2d 964, 974 (1994). Probable cause for instituting a criminal proceeding exists when there is a reasonable ground for suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious or prudent person in the belief that plaintiff committed the act of which complaint is made. *E.g., Hunt v. Dresie,* 241 Kan. 647, 653, 740 P.2d 1046, 1052 (1987); *Sampson v. Hunt,* 233 Kan. 572, 582, 665 P.2d 743, 753 (1983). The fact that the criminal proceedings were terminated in favor of plaintiff is not conclusive evidence, however, that defendants initiated them without probable cause. *Id.* (citing Restatement (Second) of Torts § 675, comment b). Moreover, if the facts are undisputed, the question of probable cause is one for the court to decide as a matter of law. *E.g., Sampson,* 665 P.2d at 753; *Nelson v. Miller,* 227 Kan. 271, 277, 607 P.2d 438, 444 (1980).

In this case, the admitted facts are that plaintiff was loud, profane, disruptive and hostile to security officers on the floor of Dillard's department store; that defendants told plaintiff on three separate occasions that if she did not calm down, she would have to leave or be arrested for trespass; that plaintiff did not do so; and that defendants finally placed her under arrest. Even viewing the evidence in the light most favorable to plaintiff, the Court finds that defendants had objectively reasonable grounds to initiate criminal trespass proceedings against plaintiff. Plaintiff has not demonstrated the existence of any genuine issue of fact with respect the question of probable cause. Absent such showing, defendants are entitled to judgment as a matter of law on plaintiff's malicious prosecution claim.

### C. False arrest.

■ Defendants argue that plaintiff's false arrest claim must fail because she has not demonstrated that defendants restrained her without legal excuse. More specifically, defendants rely on the rule that an officer may make a warrantless arrest if the officer has probable cause to believe that the person has committed or is committing a crime. *E.g., Tennessee v. Garner,* 471 U.S. 1, 6, 105 S.Ct. 1694, 1698–99, 85 L.Ed.2d 1 (1985); *State v. Mayberry,* 248 Kan. 369, 374, 807 P.2d 86, 93 (1991).

Plaintiff does not specifically respond to this argument, or cite evidence which demonstrates the existence of any genuine issue of material fact with respect thereto.

■ "Probable cause" to arrest refers to knowledge of facts and circumstances which would lead a prudent person to believe that a suspect has committed or is committing a crime. *State v. Strauch,* 239 Kan. 203, 208, 718 P.2d 613, 620 (1986). It is not necessary that the information known to the officer, at the time of the arrest, establish guilt beyond a reasonable doubt. *Sullivan v. Kansas Dep't of Revenue,* 15 Kan.App.2d 705, 707, 815 P.2d 566, 568 (1991). Indeed, under Kansas law, evidence sufficient for probable cause need not show that guilt is more probable than not; it need only convince a reasonable officer that guilt is more than a possibility. *E.g., Alvarado v. City of Dodge City,* 10 Kan.App.2d 363, 374, 702 P.2d 935, 945 (1985); *State v. Walters,* 8 Kan.App.2d 237, 237, 655 P.2d 947, 949 (1983).

For reasons stated above, even giving plaintiff the benefit of all favorable inferences, the Court must conclude as a matter of law that defendants had objectively reasonable grounds to believe that plaintiff had committed criminal trespass when they placed her under arrest. Plaintiff has not demonstrated a triable issue of fact with respect to this issue, and defendants are entitled to summary judgment.

### D. Assault and battery.

■ In order to prevail on her assault claim, plaintiff must prove an intentional threat or attempt, coupled with an apparent ability, to do bodily harm to another, resulting in an immediate apprehension of bodily harm. *E.g., Taiwo v. Vu,* 249 Kan. 585, 596, 822 P.2d 1024, 1031 (1991). To prove battery, plaintiff must show an unprivileged touching or striking, done with the intent of

bringing about either a contact or an apprehension of a contact that is harmful or offensive. *E.g., Stricklin v. Parsons Stockyard Co.*, 192 Kan. 360, 366, 388 P.2d 824, 829 (1964).

Defendants argue that plaintiff's assault claim must fail because she cannot prove that the officers intentionally threatened or attempted to do bodily harm. Moreover, they argue that plaintiff cannot recover for battery because any touching was privileged, in that defendants had probable cause to lawfully arrest plaintiff for criminal trespass. Plaintiff opposes summary judgment, relying on defendants' own deposition testimony (see testimony cited on pages 3–4 of plaintiff's opposing suggestions).

■ **Assault:** In opposing defendants' motion for summary judgment on the assault claim, plaintiff offers no evidence that at the time of the alleged assault (1) defendants intentionally threatened or attempted bodily harm to plaintiff; or (2) plaintiff had an "immediate apprehension" of bodily harm.[4] On this record, however, no reasonable jury could return a favorable verdict on plaintiff's assault claim.

■ **Battery:** Plaintiff fares no better on her battery claim. Plaintiff makes no claim that defendants used excessive force in effectuating her arrest. *See* Restatement (Second) of Torts § 132 (use of force for purpose of effectuating arrest is not privileged if the means employed are in excess of those which the actor reasonably believes to be necessary).[5] Plaintiff claims only that defendants' bodily contact was unprivileged at its inception.

As a matter of law, the Court disagrees. An actor is privileged to use reasonable force, not intended or likely to cause death or serious bodily harm, to prevent or terminate another's intrusion upon the actor's land, if (a) the intrusion is not privileged; (b) the actor reasonably believes that the intrusion can be prevented or terminated only by the force used; and (c) the actor has first requested the other to desist and the other has disregarded the request, or the actor reasonably believes that a request will be useless or that substantial harm will be done before it can be made. Restatement (Second) of Torts § 77. On this record, plaintiff has not demonstrated a triable issue with respect to her claim that defendants were not privileged to make bodily contact for the purpose of securing her arrest. As a result, defendants are entitled to summary judgment.

### *Conclusion*

Plaintiff has misconceived her burden in opposing defendants' motion for summary judgment. As noted above, in seeking summary judgment, defendants bore the initial burden of demonstrating the absence of a genuine issue of material fact by informing the court of the basis for their motion. *Martin*, 3 F.3d at 1414. Defendants met this burden with a properly supported motion under Rule 206(c). As a result, plaintiff was not entitled to rest upon mere allegations or denials of her pleadings, but was required to set forth *specific facts* showing that there was a genuine issue of fact for trial. *Muck*, 3 F.3d at 1380. Having reviewed the evidence in a light most favorable to plaintiff, under

---

**4.** In personal support of her claim, plaintiff offers no affidavit and, as respects her own deposition testimony, she cites only the 18 pages of testimony tendered by defendants. See Exhibit D to *Plaintiff's Suggestions in Opposition to Defendant's [sic] Motion for Summary Judgement [sic]* (Doc. # 33), filed March 1, 1995, citing *Deposition of Alonda Daniels* (December 22, 1994) at 1–2, 16–17, 22–23, 27, 45, 48, 101–02, 114–15, 125 and 132. Not surprisingly, the cited testimony is more damaging than helpful to plaintiff's cause and it relates almost exclusively to damages or, more precisely, lack thereof. As a result, the record is devoid of any proper evidence that during the events in question, plaintiff entertained a reasonable immediate apprehension of bodily harm or even that she rea-

sonably believed defendants were capable of physically harming her. Similarly, while plaintiff cites deposition testimony of defendants Kruger and Zeller, she relies exclusively on those portions which defendants themselves designated.

**5.** Moreover, the record contains no evidence that any defendant misused his custody of plaintiff by conduct which was clearly unnecessary to maintain control, which threatened bodily harm to plaintiff, or which was grossly offensive to a reasonable sense of personal dignity or modesty. *See* Restatement (Second) of Torts § 132, comment b.

the applicable substantive law and with an eye toward plaintiff's burden of proof on each claim, the Court's duty is to sustain defendants' motion on the record presented.

IT IS THEREFORE ORDERED that *Defendants' Motion for Summary Judgment* (Doc. # 29), filed February 10, 1995, be and hereby is sustained.