The Honorable Don Steffes State Senator, 35th District State Capitol, Room 128-S Topeka, Kansas 66612-1504
Dear Senator Steffes:
As Chairman of the Senate Committee on Financial Institutions and Insurance, you request our opinion on whether local public officials may solicit, through requests for proposals, both banks with Kansas charters and banks with only a branch within the local unit of government to handle the active financial needs of the local unit. Additionally, you ask whether the local official would have acted in good faith if he or she designated as a "depository" a bank which had no main office in Kansas.
The Act, which sets forth the criteria for depository institutions eligible to service active governmental and quasi-governmental accounts, is K.S.A. 1999 Supp. 9-1401, et seq. The portions of the Act relevant to your questions were amended in the 1997 legislative session. Prior to 1997, both state and national banks were eligible to serve as depositories for local government funds if such banks had an office in the same county as the governing body was located. In 1997, eligible depositories became termed simply "banks," along with other eligible financial institutions, but the term "banks," in a new definitions section, was defined as "any bank incorporated under the laws of this state, or organized under the laws of the United States and which has a main office in this state."[1] The term "main office" expressly excluded branches.[2]
A new subsection (c) was also added to K.S.A. 9-1401:
 "If eligible banks, savings and loan associations or savings banks under subsection (a) or (b) cannot or will not provide an acceptable bid, which shall include services, for the depositing of public funds under this section, then banks, savings and loan associations or savings banks organized under the laws of the United States or another state which do not have a main office in this state, may receive deposits of such municipal corporation or quasi-municipal corporation, if such banks, savings and loan associations or savings banks have been designated as official depositories under subsection (a), have branch offices in the county or counties in which all or part of such municipal corporation is located and the municipal corporation or quasi-municipal corporation can obtain satisfactory security therefor."
Subsection (a) was further amended in 1997 to include language permitting banks and other institutions without a main office in Kansas to be designated as depositories if the institutions had a branch in the same county as the depositing entity, "except that such banks, savings and loan associations or savings banks shall not be eligible to receive deposits except in accordance with subsection (c)."
The legislative history to the 1997 legislative session frequently reflects the tension between Kansas bankers, who wanted to keep public funds in Kansas banks, and representatives of the local units of government and non-state banks, who wanted flexibility in the law directing the deposit of public funds. The original 1997 Senate Bill No. 86 that passed favorably out of the Senate Committee on Financial Institutions and Insurance, permitted only state or national banks with "a main office in this state" to serve as depositories.[3] The Kansas League of Municipalities offered an unsuccessful amendment that deleted the term "their main office" and substituted "an office."[4] No subsection "c" or definition section was included. On February 6, 1997, Senator Steffes reported that the subcommittee studying the bill reviewed amendments that would allow public funds to be placed in any bank in Kansas.[5] On February 17, 1997, the same Committee passed a motion to substitute the original bill with a new version of Senate Bill 86; now, a designated bank could have a "main or branch office" in the county where the local government was located. [6] On March 6, 1997, the Committee heard testimony from six proponents of the new bill and three opponents, with the same tension between the Kansas League and local governments in support and Kansas bankers and their associations opposing the substituted bill.[7] The next version of the bill, as amended by the House Committee of the Whole, deleted "or branch" from the definition of "banks." The final law, as stated above, attached K.S.A. 9-1401(c), which added the eligibility requirement, after a bank has been designated a depository. Apparently, this was the final compromise that was struck between the two opposing concepts; only a Kansas bank with a main office is defined as a "bank," but a bank not under the definition may be eligible for designation as a depository under certain circumstances. Nowhere in the legislative history was testimony or discussion recorded on the method of soliciting bids from banks.
It initially appears that the Act is ambiguous when K.S.A. 1999 Supp.9-1408, the new definition statute, is read in conjunction with K.S.A. 1999 Supp. 9-1401(a) and (c). That is, while "banks" must, by definition, have a main office in Kansas, the new language in K.S.A. 1999 Supp. 9-1401 refers to "banks" which "do not have a main office in this state." A common rule of statutory construction lends support; different provisions of an Act must be reconciled to make them consistent, harmonious and sensible and to give effect to the entire Act.[8] Giving effect to both statutes, the definition of "banks" will apply generally whenever the term is used in the Act. However, if the term is modified by language that alters or contravenes the definition, then the term "bank" must be read as modified by the additional language. Thus, throughout the Act, the term "banks" refers to those institutions with a main office in Kansas, except in K.S.A. 1999 Supp. 9-1401(a), where banks without main Kansas offices are only eligible to receive deposits as designated in (c).
In subsection (c), eligible banks are divided into two categories. If
banks designated under subsection (a) "cannot or will not provide an acceptable bid" then banks without a main Kansas office may accept such deposits. Because statutory words are presumed to carry their common and ordinary meanings,[9] the words "if" and "then" denote, first, "on the condition that," and second, "as a necessary consequence."[10] Under the Act, therefore, the public officer must first determine that banks with main Kansas offices cannot or will not provide an acceptable bid. After that determination is made, the bids of banks without a main Kansas office may be reviewed if these banks have been designated under subsection (a) and are able to obtain security. The first condition must be met (i.e. no Kansas bank is eligible), before the consequence is affected (i.e. non-Kansas banks' bids may be reviewed). There is, however, no statutory language that directs the local public official on the manner or timing in which bids are to be solicited or obtained.
"Good faith" is a term most frequently used by public officials as a defense against private legal actions. At both the state and federal levels, however, the defense applies only where the public officer was acting within the scope of his or her authority[11] and the "conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[12] Because "good faith" is not defined in the Act, it is our opinion such guidelines may be used to judge a local officer's actions in designating depository banks.
In conclusion, it is our opinion that there is no restriction or limitation under K.S.A. 9-1401 et seq. on when and how local units of government solicit Kansas banks with a main office in Kansas and non-Kansas banks with a branch located in the same county as the local unit. That is, requests for proposals may be issued either simultaneously or sequentially to the two categories of banks. It is also our opinion, however, that local officials must determine a bank's eligibility for serving as a depository for public funds by first finding that Kansas banks with main Kansas offices cannot or will not provide an acceptable bid before the official examines the bids of non-Kansas banks. It is finally our opinion that an official who recognizes and honors this statutory preference for Kansas banks would have acted in accordance with K.S.A. 9-1401 et seq, regardless of the timing used in issuing requests for proposals. If the official selects an eligible non-Kansas bank, a determination of good faith must be made on each individual case, looking at the whole of the official's conduct under the requirements of the law as set forth in the Act.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Nancy L. Ulrich Assistant Attorney General
CJS:JLM:NLU:jm
[1] L. 1997, Ch. 180, § 2 (emphasis added).
[2] Id.
[3] Minutes, Senate Committee on Financial Institutions and Insurance, January 26, 1997, Attachment 2.
[4] Id.
[5] Minutes, Senate Committee on Financial Institutions and Insurance, February 6, 1997.
[6] Minutes, Senate Committee on Financial Institutions and Insurance, February 17, 1997, Attachment 2.
[7] Minutes, Senate Committee on Financial Institutions and Insurance, March 6, 1997.
[8] First Nat. Bank and Trust v. Miami County Co-op Assn., 257 Kan. 989,1001 (1995)
[9] Aves v. Shah, 258 Kan. 506, 512 (1995).
[10] Websters Seventh New Collegiate Dictionary 414, 915 (1965).
[11] Cook v. Topeka, 232 Kan. 334, 344 (1982).
[12] Alvarado v. City of Dodge City, 10 Kan. App. 2d 363, 370
(1985).