No. 44,592

Lucillie M. Green, *Appellant,* v. Kaesler-Allen Lumber Company, Inc., a Corporation, *Appellee.*

(420 P. 2d 1019)

Opinion filed December 10, 1966.

*Gerald L. Michaud,* of Wichita, argued the cause, and *Russell Cranmer, Orval L. Fisher, M. William Syrios* and *Kenneth L. Ingham,* all of Wichita, were with him on the briefs for the appellant.

*H. E. Jones,* of Wichita, argued the cause, and *A. W. Hershberger, Richard Jones, Wm. P. Thompson, Jerome E. Jones, Robert J. Roth, William R. Smith* and *Robert J. O'Connor,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from a judgment entered summarily on the trial court's own motion during a pretrial conference.

The plaintiff filed her petition which, omitting formal parts, stated:

"On the 19th day of August, 1964, plaintiff was a customer in the defendant's store and had purchased a gallon of paint. That while leaving said store and coming down the outside step, plaintiff was caused to fall because of the negligence of the defendant.

"The fall and resulting injuries and damages to this plaintiff as hereinafter set forth were proximately caused by the negligence of the defendant in that said outside step and landing area were defective, dangerous, unsafe and in disrepair and defendant knew, or by the exercise of ordinary care, should have known said condition of the step and landing area.

"As a result of the fall, the plaintiff sustained severe and permanent injuries and damages. Plaintiff was made sick, sore, lame and disabled and received injuries to her left ankle, back and other parts of her body and was otherwise injured."

The answer consisted of a general denial and the further allegation that if plaintiff suffered injuries they were the direct result of her own negligent acts.

At the pretrial conference the trial court considered the statement of plaintiff's counsel, plaintiff's discovery deposition and various photographs of the scene of the accident which were offered by both parties. It then concluded:

"After having considered the pleadings and the deposition and the statement of counsel and the photographs, the Court finds that summary judgment for the defendant should be sustained on the ground that reasonable minds could not differ on whether the threshold was improperly or negligently maintained."

The plaintiff has appealed.

The appellant contends that the trial court erred in entering summary judgment at the pretrial conference without the filing of a motion for summary judgment and without previous notice.

The appellant calls our attention to K. S. A. 60-256 which provides for summary judgments on motion by a party filed at least ten days before the time fixed for hearing. It must be conceded that neither the summary judgment statute nor any other procedural statute gives the trial court specific authority to enter a summary judgment on its own motion. The authority is derived from the inherent power of the trial court to summarily dispose of litigation

when there remains no genuine issue as to any material fact and giving the benefit of all reasonable inferences that may be drawn from the evidence the judgment must be for one of the parties as a matter of law. It may be said that before a court may enter a judgment summarily the same conditions must exist as would justify a summary judgment on motion of a party.

Summary disposition of an action may logically follow a pretrial conference when proper pretrial procedures disclose the lack of a disputed issue of material fact and the facts so established indicate an unequivocal right to a judgment in favor of a party.

The Kansas summary judgment and pretrial statutes were taken from the federal rules. The federal courts, in applying the rules, have clearly established that where no disputed fact survives a pretrial conference judgment may be summarily issued.

In *Lynch v. Call*, 261 F. 2d 130, 132, it is stated:

"The salutary, indeed the desirable and efficacious, purpose of a pre-trial conference is to sift the discovered and discoverable facts to determine the triable issues, both factual and legal, and to chart the course of the lawsuit accordingly. If, as is often the case, no disputed facts survive the pre-trial discovery and conferences, a summary judgment is timely and appropriate. Holcomb v. Aetna Life Ins. Co., 10 Cir., 225 F. 2d 577. . . ." (See, also, *Wirtz v. Young Electric Sign Company*, 315 F. 2d 326.)

The appellant further contends that the trial court erred in summarily granting judgment for defendant at the pretrial conference because there was substantial competent evidence to be submitted to the jury on genuine issues of disputed fact.

We are forced to agree with appellant's contention.

This court has now laid down a definite yardstick for the granting of such judgments. Generally it must appear conclusively that there remains no genuine issue as to a material fact and that one of the parties is entitled to judgment as a matter of law. A mere surmise or belief on the part of the trial court, no matter how reasonably entertained, that a party cannot prevail upon a trial will not justify a summary judgment where there remains a dispute as to a material fact which is not clearly shown to be sham, frivolous or so unsubstantial that it would obviously be futile to try it. A party against whom a summary judgment is being considered must be given the benefit of all reasonable inferences that may be drawn from the facts under consideration. (*Herl v. State Bank of Parsons*, 195 Kan. 35, 403 P. 2d 110; *Brick v. City of Wichita*, 195 Kan. 206, 403 P. 2d 964; *Board of Satanta v. Grant County Planning Board*, 195 Kan.

640, 408 P. 2d 655; *City of Ulysses v. Neidert,* 196 Kan. 169, 409 P. 2d 800; *Timmermeyer v. Brack,* 196 Kan. 481, 412 P. 2d 984; *Secrist v. Turley,* 196 Kan. 572, 412 P. 2d 976.)

We find in the record a genuine issue of a material fact and a serious dispute thereon.

It would serve no useful purpose to review all of the proceedings which consist largely of a colloquy between the trial court and counsel. It will suffice to state that plaintiff's deposition was considered in which she stated that she parked on the south side of the Kaesler-Allen Lumber Company, entered the south door, bought a gallon of paint and started to step out. She further testified:

"Q. Now, then, will you describe the type of floor that they have there right around this door?

"A. Well, they have—around the door there is a board that was raised up, an old board, and they had some kind of a linoleum or something to that effect over the top of this raised thing, or nearby, right to the side, the edge of it, and it was just—looked like an old board that was rotten.

"Q. And is that the board you started to step across?

"A. That's the board I started to step across.

"Q. You say it was raised up?

"A. It was raised up.

"Q. And was the linoleum also raised up at that point?

"A. Yes, sir, just looked like linoleum had come up, you know, like that, sort of along the edge of the board."

The appellee offered one photograph which showed the floor inside the building next to the door to be quite smooth. The following conversation then took place:

"THE COURT: Then you have a question of fact of whether she stumbled over a raised portion of the floor behind the threshold or what did she say she did— was that shown by her . . . [deposition]

"MR. MICHAUD: Yes.

"MR. JONES: She denies any extraneous material.

"THE COURT: I noticed that. She denied any loose material.

"MR. JONES: She said she thought there was a piece of linoleum or board or something that had a raised place in it. What she is talking about is the threshold.

"THE COURT: Has that been established that is what she was talking about?

"MR. JONES: If the picture is valid—and I can prove it is—that eliminates everything else.

"THE COURT: Will the plaintiff contend there is anything more than the floor and threshold in the picture and the . . .

"MR. MICHAUD: Whatever she testified existed. She testified under oath what happened. Now, I realize this evidence will be in conflict of what she says and the appearance in the picture."

It would appear that the trial court discarded the testimony of appellant as disclosed by her deposition and accepted instead appellee's photograph in regard to the condition of the threshold. It can hardly be disputed that there was a serious conflict between the testimony of the appellant and what appeared in the photograph as presented by the appellee. However, photographs should not be accepted as absolute and positive evidence in a negligence case without an opportunity for the opposing party to inquire as to whether they represent with fair accuracy the place of the happening and the physical condition surrounding it at the time of the injury. Generally, before a photograph may be considered as evidence, it must be shown by extrinsic evidence to be a substantially true representation of the place or instrument causing the injury. ( 32 C. J. S., Evidence, § 715.)

Neither should the trial court, on considering a summary judgment, accept as positive and absolute that which an attorney says he can prove by witnesses, especially where the statement is in conflict with the opposing party's testimony.

Pretrial procedure is not to determine controverted issues of fact. Although at a pretrial conference an attorney owes a duty to the court and opposing counsel to make a full and fair disclosure as to what the specific issues at the trial will be, the trial court should not attempt to determine a disputed question of fact by pressing counsel for evidentiary statements.

What has been said renders unnecessary an extension of this opinion by a discussion of other issues such as an alleged narrow, insufficient and sloping step. The rules announced apply to all disputed issues of fact which exist at the pretrial stage of the proceeding.

The judgment is reversed.

APPROVED BY THE COURT.