No. 45,938

STATE BANK OF BURDEN, *Appellant,* v. AUGUSTA STATE BANK and PAUL MANN, *Appellees.*

(483 P. 2d 1068)

Opinion filed April 10, 1971.

*Stan E. Wisdom,* of Jochems, Sargent and Blaes, of Wichita, argued the cause, and *Grant H. Cole,* of Cole and Camp, of Winfield, was with him on the brief for the appellant.

*Robert L. Bishop,* of Janicke, Herlocker and Bishop, of Winfield, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from a summary judgment in a replevin action.

Summary judgment was rendered against the plaintiff, the State Bank of Burden, and on a motion to amend the judgment it submitted numerous affidavits which are in the record on appeal. The appellees object to the use of these affidavits in determining the propriety of the summary judgment. The appellees suggest that in determining the validity of the summary judgment this court should limit its consideration to the matters which were before the trial court when it entered the judgment in the first instance. We are inclined to agree. The affidavits submitted on the motion to amend the judgment should be considered only on the contention

that the court abused its discretion in not amending the judgment, if we should reach such a question.

It would appear to be conceded on appeal that one of the defendants, Harold A. Krug, was engaged in the welding business and in connection therewith made and sold farm and stock trailers. All other facts must be gleaned from the amended petition, the motion and the affidavit accompanying the motion for judgment. Unfortunately it is necessary that we present the instruments in some detail.

On January 22, 1969, the plaintiff filed its petition in replevin and on January 30, filed an amended petition. It is the allegations of this petition that we are to consider here.

The amended petition may be summarized in part:

On December 20, 1966, defendant Harold A. Krug and Deloris V. Krug executed a security agreement and financing statement along with notes. The financing statement was duly recorded in the office of the Secretary of State of Kansas on December 27, 1966. The notes have been renewed and the security indicated in said financing statement is still in full force and effect. The plaintiff has a valid lien on all the security given therein.

On or about November 16, 1967, the Augusta State Bank filed a financing statement listing merely the inventory of defendant Harold A. Krug in the office of the Secretary of State at Topeka, Kansas, and later, on the 28th day of March, 1968, again filed a financing statement listing equipment; that both the items indicated in the financing statements are inferior to the lien of plaintiff and plaintiff's lien on said property is prior to any lien of the defendant, Augusta State Bank.

It was alleged:

"4. That on or about November 15, 1968, defendant Paul Mann, Chairman of the Board of August State Bank, came to the premises of defendant Harold A. Krug and took two trailers without the consent of defendant Harold A. Krug, described as follows:

1—1968 four horse trailer, ID#113169;

1—1968 nine foot trailer;

that plaintiff had a prior lien on said trailers and Paul Mann was so advised by defendant Harold A. Krug; that notwithstanding said advices, defendant Paul Mann forcefully took said trailers and either has said trailers in his possession or has wrongfully sold same. Plaintiff states that an order of replevin should issue forthwith on said trailers to Paul Mann and the Augusta State Bank or in lieu thereof, said Paul Mann and Augusta State Bank pay the sum of $3500.00, the value of said property.

"5. *That the above described property was and is a part of the inventory of defendant, Harold A. Krug and as such, entitles plaintiff to a first and prior lien thereon.*" (Emphasis supplied.)

Attached to plaintiff's petition as exhibits were the security agreement and the financing statement presented to the Secretary of State for filing pursuant to the provisions of the Commercial Code. Both the security agreement and the financing statement described the property covered as follows:

"(*a*) All inventory of Debtor, now owned or hereafter acquired;

"(*b*) All contract rights of Debtor, now existing or hereafter arising;

"(*c*) All accounts receivable of Debtor, now existing or hereafter arising;

"(*d*) All instruments, documents of title, policies and certificates of insurance, securities, chattel paper, deposits, cash or other property owned by Debtor or in which it has an interest which are now or may hereafter be in possession of Secured Party;

"(*e*) Proceeds and products of the foregoing."

The defendants filed an entry of appearance and redelivery bond. These items are not material here.

The defendants then moved the court for an order dismissing the action because plaintiff's petition fails to state a claim upon which relief could be granted. The grounds of said motion were as follows:

"1. Plaintiff's petition fails to allege facts entitling it by law to possession of the property sought to be replevied. Plaintiff's petition fails to state that plaintiff had perfected a security interest in either of the trailers described, or concerning which a description is attempted, in said petition, said trailers being vehicles subject to the laws of the state of Kansas relating to the registration of motor vehicles. (K. S. A. 8-126, *et seq.*)

"2. In order for plaintiff to have perfected a security interest in such vehicles, it was necessary that plaintiff have its lien shown upon the title certificates to said vehicles pursuant to K. S. A. 8-135 and for the debtor to have rights in said vehicles to which a security interest could attach, as provided in K. S. A. 84-9-303 and 84-9-204.

"4. As to the second trailer described or concerning which a description is attempted in plaintiff's petition, it is impossible to identify the same because of the inadequacy of the description, and for that reason plaintiff's petition fails to state a claim with regard thereto upon which relief can be granted."

Attached to the motion to dismiss was an affidavit which read:

"Ronald G. Maddy, being first duly sworn, upon oath states:

"1. He is a Vice-President of the Augusta State Bank, Augusta, Kansas, and he has personal knowledge of the matters hereinafter set forth.

"2. He has made an investigation with regard to the certificate of title to a vehicle described as a Burden trailer, Tr. BH, Identification No. 113169,

by inquiry to the Superintendent of the Vehicle Department, Kansas State Highway Commission, and he has secured from said office copies of the application for Kansas Title Certificate 13169MX to said vehicle, as the same appears upon the records of said office, showing said certificate to have been issued in the name of Harold Krug on July 15, 1968. Said title certificate issued upon said date shows no lienholder thereon. Affiant has also secured from the same source copies of an application for Mortgage Certificate of Title to the same vehicle, as the same appears upon the records of said office, showing a certificate of title bearing the same number as the one described above to have been issued in the name of Harold Krug on November 15, 1968, and showing a lien on said vehicle in the name of the State Bank of Burden, Burden, Kansas. Affiant has ascertained that no mortgage title certificate upon said vehicle was issued prior to November 15, 1968.

"3. As the officer and agent of the Augusta State Bank, affiant was present at and assisted in the taking into possession of the above-described trailer and another trailer by said bank at Burden, Kansas, and the date upon which possession of said trailers was taken by said bank was more than two months prior to November 15, 1968, being on or about September 14, 1968."

As disclosed by the record, the foregoing is all that the trial court had before it except the motion of Mrs. Harold A. Krug to intervene. The motion was not passed on by the trial court and is not before us for consideration.

The trial court considered the motion to dismiss and the affidavit as a motion for summary judgment and concluded:

"THE COURT FINDS that defendants Augusta State Bank and Paul Mann have attached to their motion to dismiss an affidavit and have requested that the Court consider certain matters outside the pleadings. The Court finds that there is no reason to exclude matters outside the pleadings in the consideration of the motion of defendants and that the motion should be treated as one for summary judgment and disposed of as provided in K. S. A. 60-256.

"THE COURT FURTHER FINDS, having considered the motion of defendants and other matters presented in connection therewith, that the motion of defendants to dismiss this action should be sustained.

"THE COURT FINDS that there is no dispute between the parties or genuine issue as to any material fact. The Court finds that the plaintiff failed to perfect a security interest in the subject matter of this action which would give plaintiff priority over the claims of creditors holding perfected security interests in said subject matter. The Court further finds that defendant Augusta State Bank is the holder of a perfected security interest in said subject matter and that, as against defendant Augusta State Bank, plaintiff is not entitled to possession of said property.

"THE COURT FURTHER FINDS that the petition of plaintiff does not sufficiently describe the second item of property claimed, to-wit, one 1968 ninefoot trailer, to identify the same, the petition does not state a claim with regard thereto upon which relief can be granted."

The plaintiff has appealed.

The appellant makes two principal contentions which we summarize:

(1) It was error for the court to award summary judgment when the amended petition shows on its face that the trailers involved were inventory, a material issue of fact in the case, and specifically exempted from the requirement that liens on vehicles must be included on the title certificates (K. S. A. 1968 Supp. 84-9-302 [3] [c]).

(2) It was error for the court to dismiss plaintiff's petition with prejudice as to the second trailer because of an inadequate description.

We are forced to agree with appellant.

The appellant proceeded upon the single theory that the trailers were inventory of the manufacturer and not required to be registered under the Motor Vehicle Registration Act (K. S. A. 8-126), and the lien was perfected by filing under the provisions of the Uniform Commercial Code. It relies on K. S. A. 1970 Supp. 84-9-302 which provides insofar as material here:

"(3) A security interest in

. . . . . . . . . . . .

"(c) a vehicle (*except a vehicle held as inventory for sale*) subject to a statute of this state which requires indication on a certificate of title or a duplicate thereof of such security interests in such vehicle:

"Can be perfected only by presentation, for the purpose of such registration or such filing or such indication, of the documents appropriate under any such statute to the public official appropriate under any such statute and tender of the required fee to or acceptance of the documents by such public official. Such presentation and tender or acceptance shall have the same effect under this article as filing under this article, and such perfection shall have the same effect under this article as perfection by filing under this article." (Emphasis supplied.)

It would not be well for us to speculate on the statutes or legal principles applicable until the factual issues are determined.

The amended petition specially alleged "that the above described property [the two trailers] was and is a part of the inventory of Harold A. Krug." The affidavit filed by appellees in no way refutes this allegation.

It would appear that all of the issues of fact raised by appellant's petition were left in dispute. It is not definite whether defendant Krug was a manufacturer of trailers or seller or both. These facts would reflect on the question of the necessity for registration.

Certainly there were no facts before the trial court from which it could determine whether the trailers were inventory in the possession of Krug at the time the security agreement was entered into or any time. This question was a material issue. A summary judgment is not proper where material factual issues remain. One of our later pronouncements of this question will be found in *Lawrence v. Deemy*, 204 Kan. 299, 461 P. 2d 770, where we stated:

"Generally before a summary [judgment] may be granted, the record before the court must show conclusively that there remains no genuine issue as to a material fact, and that the moving party is entitled to judgment as a matter of law. A mere surmise or belief on the part of the trial court, no matter how reasonable, that a party cannot prevail upon a trial will not warrant a summary judgment if there remains a dispute as to a material fact which is not clearly shown to be sham, frivolous, or so unsubstantial that it would be futile to try the case. (*Knowles v. Klase*, 204 Kan. 156, 460 P. 2d 444, *Green v. Kaesler-Allen Lumber Co.*, 197 Kan. 788, 420 P. 2d 1019.) . . ." (p. 301.)

We are, also, forced to disagree with the trial court's conclusion that the petition does not sufficiently describe the property claimed, *i. e.*, one 1968 nine-foot trailer.

The property to be replevied must be so sufficiently described to enable the officer serving the process to identify it. The description must also be sufficient to enable the defendant to know with what property he is charged with detaining. (77 C. J. S., Replevin, § 149, p. 103.) The amount of detail in the description depends on the nature of the property. Cattle being numerous, a cow would require a more detailed description than a farm trailer. Circumstances might also make a difference, such as whether the property was standing alone or commingled with other property of the same character.

In the case before us two trailers were taken from Harold Krug by the Augusta State Bank. It is not to be assumed that the bank was in the trailer sales business or operating trailers. We will not assume that the bank had in its possession more than one 1968 nine-foot trailer.

We must conclude that the description was sufficient, under the circumstances, to enable the officer serving the process to identify it and the defendants must have known with what property they were charged with detaining. If the defendants were not so informed, a motion for a definite statement would have been the better practice.

The judgment is reversed with instructions to the trial court to set

aside the summary judgment and proceed with the trial of the issues raised by plaintiff's petition.

APPROVED BY THE COURT.